IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WALTER BLANCK,

                                               OPINION AND ORDER

                   Plaintiff,

                                             13-cv-193-bbc

        v.

MIL FBI, et al.,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Walter Blanck has been given several chances in this and previous cases to submit a complaint complying with  Fed. R. Civ. P. 8(a)(2), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In an October 15, 2013 order, dkt. #43, I reopened this case after plaintiff finally succeeded in submitting an amended complaint that at least somewhat clearly set out his claims.  However, I directed plaintiff to do the following before the case could proceed further:

- Submit a signed copy of the amended complaint I considered to be the operative pleading, dkt. #28;

- Identify for the court which of three possible lawsuits contained within his amended complaint he would like to pursue under this case number;

- Advise the court whether he wishes to pursue the two lawsuits that he does not choose to pursue or whether he wishes to voluntarily dismiss them; and

- Submit a check or money order made payable to the clerk of court in the

1

amount of $105.17

Plaintiff has attempted to address each of these issues in his response, dkt. #44, with varying degrees of success.  As I discuss in more detail below, I conclude that plaintiff has properly signed his complaint and has chosen to proceed on a lawsuit bringing Eighth Amendment deliberate indifference claims regarding treatment for his heart and lung disease and severe arthritis, as well as First Amendment retaliation claims regarding the actions taken by defendants concerning his treatment.  After screening his allegations, I will allow him to proceed on those claims.  In addition, I will construe plaintiff's complaint as including a motion for preliminary injunctive relief and set briefing on that motion.  Finally, I will give plaintiff a short deadline to submit his initial partial payment for this case and payments for either or both of the other two cases I previously identified within his amended complaint.

OPINION

A. Plaintiff's Response

1. Choice of lawsuit

In the October 15 order, I split plaintiff's claims into three separate lawsuits to comply with Fed. R. Civ. P. 20, which prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit.  Those lawsuits were defined as follows:

> Lawsuit #1: Plaintiff has been denied medical treatment that has been
> prescribed to him by a heart specialist.  Prison staff has taken additional steps
> to harm plaintiff in his weak medical condition, such as intercepting
> medications and high protein meals and taken steps to make it as warm as

2

possible in his cell.

Lawsuit #2: Prison officials have failed to protect plaintiff or perhaps even encouraged assaults against him since 2005 and have failed to obtain medical care for him after the assaults.

Lawsuit #3: Prison officials have sexually harassed plaintiff, including groping him and making sexually violent remarks.

Plaintiff's response makes clear that he chooses to pursue Lawsuit #1 under this case number. The status of Lawsuits #2 and #3 is less clear. Plaintiff states that he "seek[s] to start with case No. 1, then [he] will file Suits No. 2 then No. 3" and asks about the statute of limitations regarding these claims. From his response I understand him to be unsure whether to proceed with the other two lawsuits immediately and that the effect of statutes of limitations on his claims might influence his decision. I cannot advise plaintiff about how the statues of limitations apply specifically to his claims (or would apply to his claims if he agreed to dismiss those claims now and then bring the claims at a later date), but I can tell him that statute of limitations in § 1983 actions is determined by referring to the personal injury statute of the state in which the alleged injury occurred. Brademas v. Indiana Housing Finance Authority, 354 F.3d 681, 685 (7th Cir. 2004). Generally, for injuries arising in Wisconsin, the statute of limitations is six years. Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997).

I will give plaintiff a final deadline to decide whether to proceed with either (or both) of his other lawsuits by submitting the initial partial payment for the lawsuits he wishes to pursue. (I address the initial partial payment issue further below.) If plaintiff does not submit the initial partial payment or payments, I will dismiss those claims and plaintiff will

have to decide at a later date whether he wishes to bring them again.

2. <u>Signature</u>

Along with his response, plaintiff has submitted a signed copy of what he numbers as pages 21-26 of his amended complaint.  I understand him to be saying that these pages were not included in his original filing because prison staff took the pages.  I am dubious of this allegation because plaintiff stated explicitly at the top of his amended complaint that it was 15 pages, not 26.  Additionally, even assuming that he is telling the truth, plaintiff does not explain what happened to pages 15-20 of the complaint.  Nonetheless, plaintiff has submitted a signature that he represents is the signature for his entire amended complaint, so there is no need to delay the case further to obtain another signature.

The question remains how to treat the additional allegations in the additional six pages that plaintiff has provided.  This issue is resolved easily because none of the new allegations assert any claims against any of the parties listed as defendants in the amended complaint, and in particular, the defendants who are a part of Lawsuit #1.

For clarity's sake I will direct the clerk of court to re-docket both dkt. #28 and the supplemental allegations and signature found in dkt. #44 as a single entry.  This document will be the operative pleading.

3. <u>Initial partial payment</u>

Plaintiff has been assessed $105.17 as the initial partial payment for this case.  To the

4

extent that he wishes to pursue Lawsuits #2 and #3 under new case numbers, he will owe the same amount for each initial partial payment for those cases.  However, plaintiff has not submitted any payment to the court.  In his response, he states that the prison business office will not send the funds to the court, and he includes his "Interview/Information Request" form asking for the finds to be disbursed, on which a staff member has responded, "We have not received a court order as of this date."  Thus it seems that plaintiff has tried to comply with this court but his efforts have been stymied by the business office.  I will give plaintiff a final chance to have the funds sent to the court.  As stated above, he should have a $105.17 payment sent for this case, and if he wants to proceed on either of his other two cases he should have an additional $105.17 payment for each case he wishes to pursue sent as well.  I will send plaintiff two copies of this order; one to keep and one to give to prison officials to inform them that they should send the initial partial payment.

Usually, the court would wait for plaintiff to submit his initial partial payment before screening his complaint.  However, because plaintiff alleges that he is imminent danger of serious physical harm (and because I concluded in the October 15 order that his claims meet the 28 U.S.C. § 1915(g) imminent danger standard for "three-strikers" like plaintiff in order to proceed in forma pauperis), I will proceed to screen his complaint immediately.  Plaintiff is still required to submit the initial partial payment or the court will close the case for plaintiff's failure to comply with § 1915.

B. Screening Lawsuit #1

In screening plaintiff's claims, the court must construe the complaint liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, I must dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

I draw the following facts pertaining to Lawsuit #1 from plaintiff's complaint.

1. Allegations of fact

Plaintiff has heart and lung disease and severe arthritis and has been prescribed therapy, a special diet and vitamins by a heart specialist. Defendant Dr. Sumnicht falsely claims that plaintiff does not meet the criteria for these treatments and refuses to give him care.

On June 22, 2010, defendant nurse Kathy Lemon denied plaintiff prescribed therapy and medical evaluations and deleted his medical files in an effort to insure that he would not receive proper treatment. When plaintiff complained, Lemon had defendant Sgt. Laufenberg plant a weapon in his cell, "trash" the cell and confiscate his legal files.

In February 2012, defendant supervisor Beverly removed plaintiff from his cell and began destroying his legal materials. Plaintiff told Beverly that he was having heart palpitations, but she took away plaintiff's "nitro tabs." Later, plaintiff was taken to the emergency room. An MRI showed heart and lung damage. Defendant Lemon has denied

6

follow

up treatment.

In August 2012, defendant Lemon directed defendant Laufenberg to close all windows and vents in plaintiff's cell and take away floor fans in order to raise the temperature to "extremely high" levels.  Plaintiff states that his heart medication compromises his ability to self-cool his body.  The higher heat caused plaintiff heart palpitations and pain in his neck, jaw and left arm.

In July 2013, defendant Lemon contacted second-shift supervisor Beverly and correctional officer Romanesko and persuaded them to intercept plaintiff's medication and vitamin refills.  When plaintiff ordered new refills, Lemon told defendant Sumnicht that plaintiff was abusing the medication and ordering it "way too soon."

Although plaintiff was prescribed high-protein meals, defendants Laufenberg, Beverly and correctional officer McDonald, as well as non-defendant Romanesko, give him "altered" meals that are burnt or small or lacking any nutrition.  These meals have weakened plaintiff and the lack of sustenance causes him heart palpitations.

Plaintiff's administrative complaint system files have been stolen and at least some of his grievances about these issues have been rejected inappropriately.  In particular, Warden Baenen has dismissed valid inmate grievances.

Defendants have taken all of these actions because plaintiff has attempted repeatedly to file complaints about staff misconduct.

7

2. <u>Discussion</u>

I understand plaintiff to be attempting to bringing Eighth Amendment medical care claims as well as First Amendment retaliation claims. I will address each of these theories in turn.

a. <u>Eighth Amendment medical care</u>

A prison official may violate the Eighth Amendment if the official is "deliberately indifferent" to a "serious medical need." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. <u>Johnson v. Snyder</u>, 444 F.3d 579, 584-85 (7th Cir. 2006). The condition does not have to be life threatening. <u>Id.</u> A medical need may be serious if it "significantly affects an individual's daily activities," <u>Gutierrez v. Peters</u>, 111 F.3d 1364, 1373 (7th Cir. 1997), if it causes significant pain, <u>Cooper v. Casey</u>, 97 F.3d 914, 916-17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but are disregarding the risk by failing to take reasonable measures. <u>Forbes v. Edgar</u>, 112 F.3d 262, 266 (7th Cir. 1997). Thus, under this standard, plaintiff's claim has three elements: (1) Did plaintiff need medical treatment; (2) did defendants know that plaintiff needed treatment; and (3) despite their awareness of the need, did defendants consciously fail to take reasonable measures to provide the necessary

8

treatment?

Plaintiff raises the following relevant allegations:

- defendant Dr. Sumnicht is refusing to give him care for his heart and lung disease and severe arthritis.

- defendant nurse Kathy Lemon denied him treatment and medical evaluations and deleted his medical files in an effort to insure that he would not receive proper treatment.

- Lemon directed defendant Laufenberg to raise the temperature to extremely high levels, causing plaintiff heart palpitations and other symptoms.

- Plaintiff states that his heart medication compromises his ability to self-cool his body.  The higher heat caused plaintiff heart palpitations and pain in his neck, jaw and left arm.

- Lemon told defendant supervisor Beverly and non-defendant correctional officer Romanesko to intercept plaintiff's medication and vitamin refills.

- Defendant Beverly took away plaintiff's nitro tabs.

- Defendants Laufenberg, Beverly and correctional officer McDonald, as well as non-defendant Romanesko, give plaintiff altered meals instead of his prescribed high-protein meals.

- Defendant Warden Baenen has dismissed valid inmate grievances about these issues.

I conclude that plaintiff has alleged that he has serious medical needs and that I can infer from each of the above allegations that defendants have treated him with deliberate indifference.  He may proceed with Eighth Amendment claims against each of the above-mentioned defendants.  He may not proceed against correctional officer Romanesko because he is not listed as a defendant in plaintiff's complaint.

9

b.  Retaliation

Plaintiff alleges that defendants took each of the above-listed actions because he has attempted repeatedly to file complaints about staff misconduct.  To state a claim for retaliation, a plaintiff must identify (1) the constitutionally protected activity in which he was engaged; (2) one or more retaliatory actions taken by each defendant that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) sufficient facts to make it plausible to infer that the plaintiff's protected activity was one of the reasons defendants took the action they did against him.  Bridges v. Gilbert, 557 F.3d 541, 556 (7th Cir. 2009).  Plaintiff has identified a protected activity: he has constitutional rights under the First Amendment to free speech and to petition the government for redress of grievances, which include the right to file grievances about misconduct by prison officials.  Powers v. Snyder, 484 F.3d 929, 932 (7th Cir. 2007).  I can infer that defendants' actions described above, which plaintiff alleges had adverse medical consequences, would deter a person of ordinary firmness from exercising his constitutional rights.  Finally, plaintiff alleges that each of these actions was taken in response to various complaints plaintiff made against staff.  Therefore I will allow him to proceed on retaliation claims against defendants.

Plaintiff should know that he will not be able to stand on his allegations at later stages in the case, but will have to come forward with specific facts showing that a reasonable jury could find in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Fed. R. Civ P. 56.  Retaliation claims present classic examples of claims that are easy to allege but hard to prove.  Many pro se plaintiffs make the mistake of believing that they have nothing

left to do after filing the complaint, but that is far from accurate.  A plaintiff may not prove his claim with the allegations in his complaint, Sparing v. Village of Olympia Fields, 266 F.3d 684, 692 (7th Cir. 2001), or his personal beliefs, Fane v. Locke Reynolds, LLP, 480 F.3d 534, 539 (7th Cir. 2007).  Plaintiff will have to submit evidence either at summary judgment or at trial that defendants took action against him because of the exercise of his constitutional rights and not for some legitimate reason.  Among other things, this means he will have to prove that defendants knew about the complaints he had made about them.


C.  Preliminary Injunctive Relief

Because plaintiff is alleging that he is in imminent danger of serious physical harm and asks for immediate action to treat his maladies, I construe his complaint as including a request for preliminary injunctive relief.  Under this court's procedures for obtaining a preliminary injunction, a copy of which is attached to this order, plaintiff must file with the court and serve on defendants a brief supporting his claim, proposed findings of fact and any evidence he has to support his request for relief.  He may have until February 24, 2014 to submit these documents.  Defendants may have until the day their answer is due in which to file a response.  I will review the parties' preliminary injunction submissions before deciding whether a hearing will be necessary.

Plaintiff should be aware that the bar for obtaining a preliminary injunction is significantly higher than it is for obtaining leave to proceed.  In his proposed findings of fact, plaintiff will have to lay out the facts of his case in detail, identifying the problems he is

11

suffering from, when and how he sought treatment and how defendants responded. Plaintiff will have to show that he has some likelihood of success on the merits of his claim and that irreparable harm will result if the requested relief is denied. If he makes both showings, the court will move on to consider the balance of hardships between plaintiff and defendants and whether an injunction would be in the public interest, considering all four factors under a "sliding scale" approach. In re Forty-Eight Insulations, Inc., 115 F.3d 1294, 1300 (7th Cir. 1997).

Also, plaintiff should be aware of the ramifications facing litigants who abuse the imminent danger exception to their three-strike status. The only reason that plaintiff has been allowed to proceed in forma pauperis in this case is that his allegations suggest that he was under imminent danger of serious physical injury at the time that he filed his complaint. The "imminent danger" exception under 28 U.S.C. § 1915(g) is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In certain cases it may become clear from the preliminary injunction proceedings that a plaintiff who has already received three strikes under § 1915(g) for bringing frivolous claims has exaggerated or even fabricated the existence of a genuine emergency in order to circumvent the three-strikes bar. In such a case, this court may revoke its grant of leave to proceed in forma pauperis once it is clear that plaintiff was never in imminent danger of serious physical harm. Plaintiff would then be forced to pay the full $350 filing fee or have his case dismissed.

ORDER

IT IS ORDERED that

1. The clerk of court is directed to re-docket dkt. #28 and pages 11-16 of dkt. #44 as the operative pleading in this case.

2. Plaintiff Walter Blanck is GRANTED leave to proceed on the following claims

       a. Eighth Amendment deliberate indifference claims against defendants Dr. Sumnicht, Nurse Lemon, Sgt. Laufenberg, Supervisor Beverly, Correctional Officer McDonald and Warden Baenen.

       b. Retaliation claims against defendants Sumnicht, Lemon, Laufenberg, Beverly, McDonald and Baenen.

3. The remaining defendants listed in plaintiff's amended complaint are DISMISSED from the lawsuit.

4. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $105.17 as an initial partial payment of the filing fee in this case on or before February 17, 2014. If plaintiff fails to make the initial partial payment or show cause for his failure to do so by this deadline, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff filing his case at a later date.

5. If plaintiff wishes to proceed with either of the other two lawsuits identified above under a different case number, he will have to provide initial partial payments for the cases ($105.17 for each) on which he would like to proceed by February 17, 2014. If plaintiff

does not submit the initial partial payment or payments by this deadline, I will dismiss those claims.

6.   Plaintiff may have until February 24, 2014 in which to file a brief, proposed findings of fact and evidentiary materials in support of his motion for a preliminary injunction.  Defendants may have until the date their answer is due to file materials in response.

7.   Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's operative pleading and this order are being sent today to the Attorney General for service on defendants.  Plaintiff should not attempt to serve defendants on his own at this time.  Under the agreement, the Department of Justice will have 40 days from the date of the Notice of Electronic Filing of this order to answer or otherwise plead to plaintiff's complaint if it accepts service for defendants.

8.   For the time being, plaintiff must send defendants a copy of every paper or document that he files with the court. Once plaintiff learns the name of the lawyer who will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard documents plaintiff submits that do not show on the court's copy that he has sent a copy to defendants or to defendants' attorney.

9.   Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

10.   Plaintiff is obligated to pay the unpaid balance of the filing fee for this case in

14

monthly payments as described in 28 U.S.C. § 1915(b)(2).  The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under <u>Lucien v. DeTella</u>, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund account until the filing fee has been paid in full.

Entered this 4th day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge